NUMBER 13-08-00231-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JEROME WENDALL ELLIS, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 377th District Court 

of Victoria County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Rodriguez



 Appellant, Jerome Wendall Ellis, was indicted for the offense of burglary of a
habitation. See Tex. Penal Code Ann. § 30.02(a)(3), (c)(2) (Vernon 2003). Appellant
pleaded guilty pursuant to an agreement with the State. The trial court deferred
adjudication and placed appellant on community supervision for a period of five years. The
State filed a motion to adjudicate guilt alleging that appellant had violated four conditions
of his community supervision by, among other things, committing the offense of indecency
with a child by contact. See id. § 21.11(a)(1) (Vernon 2003). After a hearing, the trial court
determined that appellant violated the terms of his community supervision, found appellant
guilty of burglary of a habitation, and sentenced appellant to sixteen years' confinement in
the Texas Department of Criminal Justice-Institutional Division. This appeal ensued.

 Concluding there are no arguable grounds for an appeal, appellant's counsel filed
an Anders brief. We affirm the trial court's judgment.I. Anders Brief

 Appellant's court-appointed counsel filed a brief in which he has concluded the
appeal is wholly frivolous and without merit. See Anders v. California, 386 U.S. 738, 744
(1967). Appellant's brief meets the requirements of Anders. See id. at 744-45; see also
High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance
with Anders, counsel presented a professional evaluation of the record and referred this
Court to what, in his opinion, are the only possible errors in the record that might arguably
support an appeal, including the following: (1) whether the evidence supporting revocation
was sufficient; (2) whether the trial court failed to consider mitigating evidence at the
punishment hearing; (3) whether the sentence imposed was constitutional; and (4) whether
trial counsel provided ineffective assistance. See Anders, 386 U.S. at 744; Currie v. State,
516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see also High, 573 S.W.2d at 812.

 In compliance with High, 573 S.W.2d at 813, appellant's counsel has discussed
why, under controlling authority, there are no errors in the trial court's judgment. Counsel
has informed this Court that he has: (1) examined the record and found no arguable
grounds to advance on appeal, (2) forwarded a copy of the brief and his motion to withdraw
to appellant, and (3) informed appellant of his right to review the record and to file a pro se
response within thirty days. (1) See Anders, 386 U.S. at 744; Stafford v. State, 813 S.W.2d
503, 510 n.3 (Tex. Crim. App. 1991) (en banc); see also In re Schulman, 252 S.W.3d 403,
409 n.23 (Tex. Crim. App. 2008). More than an adequate period of time has passed, and
appellant has not filed a pro se response. See In re Schulman, 252 S.W.2d at 409.II. Independent Review of Record

 The Supreme Court has advised appellate courts that upon receiving a "frivolous
appeal" brief, they must conduct "a full examination of all the proceeding[s] to decide
whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see Ybarra
v. State, 93 S.W.3d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). Accordingly, we
have carefully reviewed the entire record and counsel's brief and have found nothing
arguably supporting an appeal. See Bledsoe v. State, 178 S.W.3d 824, 826 (Tex. Crim.
App. 2005); Stafford, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly
frivolous. See Bledsoe, 178 S.W.3d at 827-28 ("Due to the nature of Anders briefs, by
indicating in the opinion that it considered the issues raised in the briefs and reviewed the
record for reversible error but found none, the court of appeals met the requirements of
Texas Rule of Appellate Procedure 47.1."). We affirm the trial court's judgment.

IV. Conclusion

 In accordance with Anders, appellant's counsel has asked this Court for permission
to withdraw as counsel for appellant. See Anders, 386 U.S. at 744; see also In re
Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex.
App.-Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he
must withdraw from representing tej appellant. To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing the
appellate court that the appeal is frivolous") (citations omitted)). Counsels' motion to
withdraw as appellate counsel was carried with the case on October 22, 2008. See
Anders, 386 U.S. at 744. Having affirmed the judgment, we now grant counsel's motion
to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send
a copy of the opinion and judgment to appellant and to advise appellant of his right to file
a petition for discretionary review. (2) See Tex. R. App. P. 48.4; see also In re Schulman, 252
S.W.3d at 412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 30th day of April, 2009.
1. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for th court those
issues which the indigent appellant believes the court should consider in deciding whether the case presents
any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting Wilson
v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
2. No substitute counsel will be appointed. Should appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.